UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

916 RADIO, a California non-profit corporation; SAUNDRA "DJ RENE E" GRIFFIN, and KEVIN ARDOIN,

      Plaintiffs,

  v.

FEDERAL COMMUNICATIONS COMMISSION,

      Defendant.

NO. CIV. 05-0719 FCD DAD

MEMORANDUM AND ORDER

----oo0oo----

    This matter is before the court on defendant Federal Communications Commission's ("FCC") motion to dismiss pursuant to Federal Rules of Civil Procedure 8(a)(2) ("Rule 8(a)(2)") on the ground that the complaint fails to make a short and plain statement of plaintiffs' claims. Specifically, defendant asserts plaintiffs' complaint is "unnecessarily long" and "filled with detailed factual allegations unnecessary to any short and plain statement of the claim." (Memo. of P. & A. in Supp. of Mot. to Dismiss, filed July 1, 2005, at 5.)

For the reasons set forth below, the court DENIES defendant's motion to dismiss pursuant to Rule 8(a)(2).

### BACKGROUND[1]

Plaintiffs are a group of persons and organizations engaged in "microradio" (low-power FM Radio) broadcasting in Sacramento, California. Plaintiff 916 Radio is a nonprofit educational corporation that has operated a microradio station in Sacramento's midtown district since May 19, 2004. Plaintiff DJ Renee is a member of plaintiff 916 Radio and is a DJ on Saturday mornings from 10:00 a.m. to 12:00 p.m. Plaintiff Kevin Ardoin is a resident of Sacramento, California and a regular listener of plaintiff 916 Radio's microradio broadcasts.

Plaintiffs allege that on January 3, 2005, Will Major ("Major"), 916 Radio's manager, answered a phone call from a person representing the FCC. Major was advised that the call was in response to several complaints suggesting that 916 Radio was a "pirate radio station." Major explained to the FCC caller that 916 Radio was complying with all LPFM-318 (federal) regulations. Additionally, Major explained that the FCC Media Department had told 916 Radio that it was legally allowed to operate in its present manner. The FCC caller told Major that if anyone else called to complain, he would refer the person to 916 Radio directly.

Plaintiffs further allege that on January 5, 2005, federal agents Glenn Phillips ("Phillips") and Thomas Hora ("Hora") came to 916 Radio's premises and advised Major that a "non-specific

---

[1] The background section is based on the allegations of plaintiffs' complaint.

2

1 complaint" had been filed against 916 Radio.  Thereupon, Phillips
2 and Hora received permission from Major to search the premises.
3 Major explained that the FCC Media Center had told the station
4 that it was "okay" as long as it complied with LPFM-318
5 regulations.  Phillips and Hora asked to see the radio
6 transmitter, and after viewing it, told Major that the
7 transmitter was out of compliance and not FCC certified.
8 Phillips and Hora then recommended that Major terminate
9 broadcasting, adding that further broadcasting could result in a
10 $100,000 fine, one year of imprisonment, or confiscation of the
11 broadcasting equipment.  Phillips and Hora left a "Notice of
12 Unlicensed Radio Operation" which indicated the station's power
13 output exceeded the allowable limits.
14     Finally, plaintiffs allege that on January 12, 2005, an FCC
15 agent or agents returned to 916 Radio premises, but Major refused
16 to open the door.  The agent or agents then left another "Notice
17 of Unlicensed Radio Operation" which indicated 916 Radio's output
18 exceeded the allowable limits, and 916 Radio had refused
19 permission to inspect the premises.
20     Plaintiffs thus seek injunctive relief enjoining the FCC and
21 the United States Government from closing their microradio
22 station or from obtaining an ex parte order permitting the
23 seizure and confiscation of their broadcasting equipment.

## STANDARD

25    The Federal Rules of Civil Procedure require that a pleading
26 provide "a short and plain statement of the claim showing that
27 the pleader is entitled to relief."  Fed. R. Civ. P. 8(a); <u>see</u>
28 <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957) ("[A]ll the Rules

3

1 require is 'a short and plain statement of the claim' that will
2 give the defendant fair notice of what the plaintiff's claim is
3 and the grounds upon which it rests.").
4    Dismissal of a complaint for failure to comply with Rule 8
5 is within the sound discretion of the trial court. <u>Gillibeau v.
6 City of Richmond</u>, 417 F.2d 426, 431 (9th Cir. 1969).
7 Accordingly, the Ninth Circuit has upheld such dismissals when a
8 complaint is overly long, confusing, and not in compliance with
9 Rule 8. See, e.g., <u>Hatch v. Reliance Ins. Co.</u>, 758 F.2d 409, 415
10 (9th Cir. 1985); <u>Nevijel v. North Coast Life Ins. Co.</u>, 651 F.2d
11 671, 675 (9th Cir. 1981); <u>Schmidt v. Herrmann</u>, 614 F.2d 1221,
12 1224 (9th Cir. 1980). Nevertheless, "dismissal for a violation
13 under Rule 8(a)(2) is usually confined to instances in which the
14 complaint is 'so verbose, confused or redundant that its true
15 substance, if any, is well disguised.'" <u>Gillibeau</u>, 417 F.2d at
16 431 (citing <u>Corcoran v. Yorty</u>, 347 F.2d 222, 223 (9th Cir.
17 1965)).
18    Other courts have held that length alone is not sufficient
19 grounds for dismissal under Rule 8(a). <u>Citicorp Intern. Trading
20 Co., Inc. v. Western</u>, 771 F. Supp. 600, 603 (S.D.N.Y. 1991).
21 Moreover, outright dismissals for reasons "not going to the
22 merits [are] viewed with disfavor in the federal courts."
23 <u>Harrison v. Enventure Capitol Group, Inc.</u>, 666 F. Supp. 473, 479
24 (W.D.N.Y. 1987) (citing <u>Nagler v. Admiral Corp.</u>, 248 F.2d 319,
25 323 (2nd Cir. 1957)). Furthermore, the purpose of Rule 8 "is
26 that the adversary party or parties have sufficient notice to
27 prepare their defense and the court is sufficiently informed to
28 determine the issue presented." <u>Philadelphia Dressed Beef Co. v.</u>

4

1 | Wilson & Co., 19 F.R.D. 198, 201 (E.D. Pa. 1956).

## ANALYSIS

Defendant relies on four cases to support its motion to dismiss under Rule 8(a)(2). None of the four cases, however, are comparable to plaintiffs' complaint.

In Hartz v. Friedman, 919 F.2d 469, 471 (7th Cir. 1990), plaintiffs filed a 125-page complaint alleging, inter alia, violations of the Racketeer Influenced and Corrupt Organizations Act. The court found that this was an "egregious violation of Rule 8(a)." Id. Despite this finding, the court explained that it would consider the claim on its merits. Id.

In Washington v. Baenziger, 656 F. Supp. 1176 (N.D. Cal. 1987), the plaintiff filed an 86-page complaint with 15 pages of exhibits which contained 33 causes of action against 21 defendants. Id. at 1177. The court found that this constituted a clear failure to provide a short and plain statement of the claim as required by Rule 8(a)(2) which justified dismissal with leave to amend. Id. at 1178.

In Soghomonian v. U.S., 82 F. Supp. 2d 1134 (E.D. Cal. 1999), the plaintiffs filed an 87-page first amended complaint with an additional 40-plus pages of attachments. Id. at 1136. The court held that "[the complaint] did not comply with the 'short and plain statement' requirement of Rule 8(a)(2)." Id. The court dismissed the complaint without prejudice on other grounds, but imposed a limit of 50 pages (not including attachments). Id. at 1150.

In In re Westinghouse Securities Litigation, 90 F.3d 696 (3d Cir. 1996), the plaintiffs filed a 240-page second amended

complaint, including a 50-plus page "overview" of the alleged wrongful conduct. Id. at 703. The court described the complaint as "unnecessarily complicated and verbose" and affirmed the district court's dismissal under Rule 8 with leave to amend. Id.

Here, plaintiffs' complaint totals <u>14</u> pages[2] (with 42 pages of exhibits[3]). This is far removed from the 125-page complaint in <u>Hartz</u>, the 86-page complaint in <u>Washington</u>, the 87-page complaint in <u>Soghomonian</u>, and from the 240-page complaint in <u>Westinghouse</u>.

Additionally, as the factual background above makes clear, it cannot be said that plaintiffs' 14-page complaint is so verbose, confused, or redundant that its true substance is disguised. Though plaintiffs may have provided more facts than required to state their claims for relief, federal notice pleading does not bar this type of detail. The complaint apprises defendant of plaintiffs' claims and the proposed relief sought so as to sufficiently enable defendants to respond. As such, it complies with Rule 8(a)(2).

---

[2] Plaintiffs' complaint was filed as part of a single document containing both the "complaint" and a "memorandum of law in support of plaintiffs' motion for preliminary injunction." Pages 1-9 of that document consist of a caption page, table of contents, and table of authorities. Pages 10-24 comprise the complaint, and pages 25-43 comprise the points and authorities. Only the complaint is at issue on the instant motion. Plaintiffs have not noticed a hearing on a request for a preliminary injunction, so at present, the memorandum of law is not before the court.

[3] Defendants object to the number of pages of attachments. These attachments do not, however, confuse the issues plaintiffs present in their complaint. Furthermore, plaintiffs maintain that they attached the documents "out of fear the government would complain the complaint failed to apprise them of the facts and/or theory of relief." (Pls.' Opp'n at 4-5.)

**CONCLUSION**

For the reasons set forth above, defendant's motion to dismiss this action pursuant to Rule 8(a)(2) is DENIED.

IT IS SO ORDERED.

DATED: August 31, 2005

/s/ Frank C. Damrell Jr.
FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE